

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 13, 2017

**BY ECF AND BY EMAIL**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States* v. *William Bracy*, S13 15 Cr. 537 (VEC)

Dear Judge Caproni:

      A dispute has arisen between the Government and counsel for defendant William Bracy concerning the *Fatico* hearing scheduled for next week in this matter. Pursuant to the Court's Order issued earlier today (Dckt. 1104), the Government respectfully submits this letter to provide the Court with a brief synopsis of this dispute, which the parties expect to raise at the pre-*Fatico* conference before the Court scheduled for tomorrow at 2:00PM.

      As the Court is aware, the central issue to be resolved at the *Fatico* hearing next week is whether Bracy struck Moises Lora during the group attack on Lora that culminated in Lora's death, contrary to his statements during his plea allocution before the Court on January 4, 2017 that he was merely hitting Lora's associate "Polo" (and did not make contact with Lora) while his confederates beat Lora to death during the attack. In advance of the *Fatico* hearing, the Government produced the attached discovery letter to Bracy's counsel yesterday disclosing, among other things, information showing that: (a) the Government will be calling a single cooperating witness at the *Fatico* hearing, who will testify to admissions made by Bracy to this witness at the MDC about the extent and nature of Bracy's role in the Lora stomping murder — admissions that occurred during the course of conversations between Bracy and this witness several months before Bracy pleaded guilty to the Lora murder in this case; and (b) that several months later, on or around the date of Bracy's plea allocution before the Court, Bracy made statements consistent with his plea allocution to a defendant housed with him at the MDC, who has since begun proffering with the Government in the hopes of obtaining a cooperation agreement and leniency at sentencing. The defendant who proffered the foregoing information is represented by Susanne Brody, Esq. of the Federal Defenders of New York, who has informed the Government that she will not allow her client to be interviewed by Bracy, any of Bracy's co-defendants in this case, or any of their representatives, and that if her client is called to testify before he obtains a cooperation agreement with the Government, her client will invoke his privilege against self-incrimination under the Fifth Amendment of the United States Constitution. The Government does not intend to call this proffering defendant as a witness at the *Fatico* hearing, and this

proffering defendant has not yet been fully debriefed by the Government, and has not received a cooperation agreement as of yet.

The dispute to be addressed at tomorrow's status conference is as follows. Bracy's counsel have indicated that the defense wishes to call this proffering defendant as a witness at the *Fatico* hearing, despite Ms. Brody's representations that her client will invoke his Fifth Amendment privilege if called at the hearing (given that he has not yet been signed up as a cooperating witness under a cooperation agreement with the Government), and Bracy's counsel seek to compel the Government to produce this proffering defendant before the Court, effectively revealing his identity to Bracy and anyone else in the courtroom at the time, and to have the proffering defendant formally invoke his Fifth Amendment privilege in response to questions from the defense. The Government opposes this request to avoid endangering the safety of this proffering defendant and his relatives and close associates, and the Government has offered to stipulate that Bracy made the statements reported by the proffering defendant in the attached disclosure letter, to obviate the need to have this proffering defendant appear in Court and have his identity revealed.

Ms. Brody, counsel for the proffering defendant, joins in the Government's objection, and will be appearing at the status conference tomorrow on behalf of her client.

                                                Respectfully submitted,

                                                JOON H. KIM
                                                Acting United States Attorney

By:      /s/_____
        Samson Enzer
        Gina M. Castellano
        Andrew C. Adams
        Assistant United States Attorneys
        Tel. (212) 637-2342

Enc.
cc: Donald DuBoulay, Esq.
    Marlon Kirton, Esq.
    Susanne Brody, Esq.
    All other counsel of record