

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 12, 2017

**BY ELECTRONIC MAIL**
Donald DuBoulay, Esq.
Marlon Kirton, Esq.

Re:   *United States* v. *William Bracy*, S13 15 Cr. 537 (VEC)

Dear Counsel:

In advance of the presentencing hearing pursuant to *United States* v. *Fatico*, 603 F.2d 1053 (2d Cir. 1979) regarding the extent and nature of defendant William Bracy's role in the stomping murder of rival gang member Moises Lora a/k/a "Noah" scheduled for July 19, 2017 in this matter (the "*Fatico* Hearing"), this letter provides the discovery materials specified below. The discovery materials enclosed with this letter and this letter itself are being produced subject to the terms and limitations set forth in the Protective Order signed earlier today by Judge Caproni.

Specifically, enclosed with this letter are several documents memorializing statements to law enforcement by three civilians who witnessed the attack on Lora and his fellow gang member, known to defendant Bracy as "Polo," that culminated in Lora's death on April 16, 2012 ("Witness-1," "Witness-2," and "Witness-3," respectively), as well as a document memorializing statements to law enforcement by "Polo" ("Witness-4"). We do not intend to call any of these four witnesses at the *Fatico* Hearing. We have redacted information in these documents that could be used to identify these witnesses, for their safety and for the safety of their relatives and close associates, among other reasons. If you wish to use any of the information contained in these documents at the *Fatico* Hearing, please let us know and we can discuss potential ways for you to do so without compromising the safety of these four witnesses.

Please be advised that we currently intend to call a single cooperating witness at the *Fatico* Hearing, who will testify to admissions made by Bracy to this witness about the extent and nature of Bracy's role in the Lora stomping murder — admissions that occurred during the course of conversations between Bracy and this witness several months before Bracy pleaded guilty to the Lora murder in this case. We will produce to you materials pursuant to 18 U.S.C. § 3500 and/or *Giglio* v. *United States*, 405 U.S. 150, 154 (1972) for this cooperating witness on Friday July 14, 2017, five days in advance of the *Fatico* Hearing.

Please also be advised that during a proffer session on or about June 29, 2017, a defendant proffered to the Government that Bracy made several statements to this defendant about the nature and extent of Bracy's role in the stomping murder of Lora, during a conversation on or after January 2, 2017 but before Bracy pleaded guilty to the Lora murder (which occurred on or about January 4, 2017), while Bracy and this defendant were housed together in the same housing unit at the Metropolitan Detention Center in Brooklyn, New York run by the Federal Bureau of Prisons ("BOP").[1] This defendant has begun proffering with the Government in the hope of obtaining a

---

[1]   According to the BOP, this proffering defendant was housed in the same housing unit with Bracy at the MDC from on or about January 2, 2017 through on or about June 8, 2017.

cooperation agreement and leniency at sentencing for his crimes. According to this proffering defendant, during the aforementioned conversation, Bracy stated the following, in substance and in relevant part, about the extent and nature of Bracy's role in the Lora murder:

- Shortly before the Lora murder, Bracy and several other YGz members, including Wendell Belle a/k/a "Delly Dell" and Anthony Reddick a/k/a "Ant Flocka" were getting drunk on or near 163rd Street in the Bronx and they started arguing about who had "put in the most work" for the gang.

- Bracy and the others in this group of YGz gang members decided to settle their dispute by going to the territory of a rival gang to conduct an attack on the rival gang.

- Upon arriving in the rival gang's territory, they saw rival gang members Moises Lora a/k/a "Noah" and "Polo" and attacked them, and Lora died as a result.

- Bracy said that he and the others in the attacking group did not mean for Lora to die as a result of the attack, but he did.

- Bracy also said that during the attack on Lora and "Polo" that culminated in Lora being stomped to death, Bracy "was on Polo" and that he "really wasn't on Noah," but rather Belle "mostly was [on Noah]."

The defendant who proffered the foregoing information is represented by counsel, who has informed the Government that she will not allow her client to be interviewed by Bracy, any of Bracy's co-defendants in this case, or any of their representatives. Counsel for this proffering defendant has also informed the Government that if he is called to testify before he obtains a cooperation agreement with the Government, her client will invoke his privilege against self-incrimination under the Fifth Amendment of the United States Constitution. The Government does not intend to call this proffering defendant as a witness at the *Fatico* Hearing.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:             /s/
Samson Enzer
Gina M. Castellano
Andrew C. Adams
Assistant United States Attorneys
(212) 637-2342 / -2224 / -2340