USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
WILLIAM BRACEY,                                               :
                                                              :
                              Petitioner,                     :
                                                              :    20-CV-9015 (VEC)
            -against-                                         :    15-CR-00537 (VEC)
                                                              :
                                                              :    OPINION AND ORDER
UNITED STATES OF AMERICA,                                     :
                                                              :
                              Respondent.                     :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Petitioner William Bracey moves *pro se*, pursuant to 28 U.S.C. § 2255, to vacate his 33-year prison sentence. Pet., Dkt. 1564. Mr. Bracey argues that his sentence was imposed based on an involuntary and unintelligent guilty plea. Specifically, Petitioner argues that he pleaded guilty "in exchange for dismissal of a charge" that was subsequently rendered invalid by the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319 (2019). Pet., Dkt. 1564 at 16. The Government opposes vacatur and argues, *inter alia,* that Mr. Bracey's guilty plea was knowing and voluntary. Gov. Opp., Dkt. 1600. For the following reasons, Mr. Bracey's petition is DENIED.

## BACKGROUND

In 2009, Petitioner became a member of the Young Gunnaz ("YGz"), a violent and dangerous gang operating in and around various housing projects in the South Bronx. Gov. Opp., Dkt. 1600 at 2-5. Mr. Bracy was a high-ranking member of the overall YGz gang, and a leader of a YGz set called the "63rd YGz," which was based in an apartment complex on 163rd Street between Morris and Teller Avenues in the Bronx. *Id.* at 4.

1

Mr. Bracey was involved in several violent assaults and shootings as a member of the YGz. *Id.* at 4-5. For example, in November 2010, Petitioner and other members of the YGz participated in a shootout with members of a rival gang, during which a rival gang member and Mr. Bracey himself, were shot and injured. *Id.* at 4. On April 16, 2012, Petitioner and other YGz members murdered a rival gang member, Moises Lora, in a courtyard near a children's playground in the Bronx. *Id*. Petitioner and other members of the YGz kicked Mr. Lora to death. *Id*. Finally, on May 22, 2015, Petitioner shot, and seriously wounded, a rival gang member in front of a barbershop in the Bronx. *Id.* at 5.

In December 2015, Petitioner was charged with, *inter alia,* (i) participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d); (ii) murder in aid of racketeering under circumstances evincing a depraved indifference to human life in violation of 18 U.S.C. § 1959(a)(1) and 2; and (iii) discharging firearms in connection with a "crime of violence," namely the racketeering conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2.[1] Dkt. 31.

On January 4, 2017, Mr. Bracey pleaded guilty to Count One of the S13 indictment, participating in the YGz racketeering conspiracy in violation of 18 U.S.C. § 1962(d). *See* Plea Agmt., Dkt. 1600, Ex. A. Pursuant to his plea agreement with the Government, Mr. Bracey agreed to admit that during and in furtherance of the racketeering conspiracy, he participated in the murder of Mr. Lora and in the attempted murder of a rival gang member in May 2015. Plea Agmt., Dkt. 1600, Ex. A at 1, Plea Tr., Dkt. 819 at 23-26. Petitioner also agreed not to appeal or collaterally challenge, including through a § 2255 petition, any sentence of imprisonment equal

---

[1] The S1 Indictment was superseded several times to add more members of the YGz as defendants and additional charges against some defendants, but those indictments carried forward the original charges against Petitioner. *See* Dkt. 590. Petitioner ultimately pleaded guilty to the S13 indictment. *See* Dkt. 819.

2

to or below the stipulated Guidelines sentence of life imprisonment.[2]  Plea Agmt., Dkt. 1600, Ex. A at 6.  Finally, the Government agreed to move to dismiss the remaining counts against Mr. Bracey, including Count Thirteen which charged him with discharging a firearm in connection with a "crime of violence," namely the YGz racketeering conspiracy, in violation of § 924(c).  *Id*. at 1-2.

Before accepting Petitioner's guilty plea, the Court questioned Mr. Bracey at length to confirm that he was pleading guilty knowingly and voluntarily.  *See generally* Plea Tr., Dkt. 819 at 6-18, 26.  Mr. Bracey affirmed under oath that he had reviewed the plea agreement with his attorney and that he understood its contents and consequences.  *Id*. at 14-18.  Mr. Bracey also confirmed that he understood that he was waiving his "right to appeal or to collaterally attack or to move for a modification of [his] sentence under any circumstances."  *Id*. at 18.  After evaluating Mr. Bracey's answers to the Court's questions and observing his demeanor, the Court found that Mr. Bracey was entering his guilty plea knowingly and voluntarily and that he understood the consequences of his plea.  *Id*. at 27.  Accordingly, the Court accepted Mr. Bracey's guilty plea.  *Id*.

On July 19, 2017, the Court sentenced Petitioner to 33 years' imprisonment and five years of supervised release.  *See* Judgment, Dkt. 1119.

On August 4, 2017, Petitioner appealed his sentence to the United States Court of Appeals for the Second Circuit, arguing that his sentence was unreasonable and that his waiver of the right to appeal was unenforceable.  *See* Case No. 17-2384.  On December 19, 2019, the Second Circuit affirmed Mr. Bracey's sentence, holding that Petitioner's sentence was not

---

[2]  The Plea Agreement stipulated that Mr. Bracey had a total offense level of 43 and a criminal history category of III, yielding a Guidelines sentence of life imprisonment.  Plea Agreement, Dkt. 1600, Ex. A at 5.

"shockingly high" as to be deemed substantively unreasonable.[3] *See United States v. Brown*, 797 F. App'x 52, 55–56 (2d Cir. 2019).

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a petitioner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)). When a petitioner brings a § 2255 petition *pro se*, the Court must construe the submission liberally and interpret it to "raise the strongest arguments that [it] suggests." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Petitioner argues that his guilty plea was involuntary and unintelligent because it was based on the Government's agreement as part of the bargain to dismiss Count Thirteen, a § 924(c) charge that was subsequently invalidated by the Supreme Court's decision in *Davis*. The Court disagrees.

To be enforceable, a guilty plea must be knowing, intelligent, and voluntary. *United States v. Roque*, 421 F.3d 118, 122 (2d Cir. 2005). A plea is knowing and intelligent if the defendant fully understands the consequences of his plea. *Id.* A guilty plea is voluntary "if it is

---

[3] While Petitioner's appeal was pending in the Second Circuit, the Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019), holding, *inter alia,* that conspiracy to commit a crime of violence ordinarily is not a valid predicate crime of violence for purposes of a § 924(c) charge. The parties advised the Second Circuit of the *Davis* decision pursuant to Federal Rule of Appellate Procedure 28(j). In his 28(j) letter, Petitioner argued, for the first time, that the *Davis* decision "affects the voluntariness of his guilty plea," because he pleaded guilty to Count One "primarily to avoid the risk of conviction for a violation of § 924(c) predicated on use or carrying of a firearm in relation to the RICO conspiracy." *Brown,* 797 F. App'x at 56 n.1. The Second Circuit held that Petitioner waived this argument and declined to address it. *Id.*

4

not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker,* 848 F.2d 1312, 1320 (2d Cir. 1988). Rule 11 of the Federal Rules of Criminal Procedure "sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Zhang* v. *United States*, 506 F.3d 162, 168 (2d Cir. 2007) (citation omitted). Rule 11 does not, however, "require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." *Brady* v. *United States*, 397 U.S. 742, 757 (1970) (noting that a "defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the [prosecution's] case or the likely penalties attached to alternative courses of action.").

Moreover, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady*, 397 U.S. at 757; *see also United States v. Haynes*, 412 F.3d 37, 39 (2d Cir. 2005) ("While ignorance of then-existing rights can invalidate a plea agreement in some cases, ignorance of future rights is unavoidable and not a basis for avoiding a plea agreement."); *Roque*, 421 F.3d at 123 (holding that, while "ignorance of rights may affect the intelligence of a plea, ignorance of the future changes to federal sentencing law brought forth by [the Supreme Court's decision in] *Booker* [did] not constitute an independent force that might render [petitioner's] plea involuntary.").

Here, Petitioner does not contest that at the time of the guilty plea, he acknowledged under oath that: (i) he understood the rights he would be waiving by pleading guilty and the

5

maximum penalties he could face as a result of his guilty plea; (ii) he had been afforded a sufficient opportunity to discuss his case and the consequences of pleading guilty with his attorney; (iii) he was satisfied with his attorney; (iv) he understood that he had the right to plead not guilty and persist in that plea; (v) he was pleading guilty voluntarily; and (vii) there was an independent factual basis for his plea of guilty. *See* Plea Tr., Dkt. 819 at 6-27. Similarly, Petitioner does not contend that he was forced or coerced into pleading guilty or that any physical or mental conditions "affected [his] capacity to consider rationally the benefits and costs of his plea." *Roque*, 421 F.3d at 122. Instead, Petitioner argues that his plea was unknowing, unintelligent, and involuntary because he pled guilty to Count One in exchange for the Government's dismissal of the now-invalid § 924(c) charge. Pet., Dkt. 1564 at 22 (arguing that his plea was involuntary and unknowing because "no one involved in [his] plea proceeding –not his attorney, the AUSA, this [] Court and certainly not [Petitioner]—correctly understood the essential 'crime of violence' element of Count 13."). The Court disagrees.

The fact that Petitioner[4] did not foresee that two years after his guilty plea the Supreme Court would decide in *Davis* that RICO conspiracy is not a "crime of violence" as that term is defined in 18 U.S.C. § 924(c) does not affect the voluntariness of Petitioner's guilty plea to Count One of the indictment. *See Brady*, 397 U.S. at 757; *Roque*, 421 F.3d at 123 (noting that even though conditions may have "changed since the [plea] bargain was struck," and even though the parties "might have bargained differently and might even have reached a different bargain" had they known how the Supreme Court would rule in *Booker*, such considerations are

---

[4] To the extent the petition can be construed liberally to include an ineffective assistance of counsel claim based on the failure of Mr. Bracey's attorney to anticipate the Supreme Court's ruling in *Davis*, that claim is also without merit. An attorney's failure to predict the future does not result in his or her assistance being ineffective. *McMann v. Richardson*, 397 U.S. 759, 773 (1970) (noting that "counsel for [defendant] cannot be faulted for not anticipating" future court decisions.).

6

"simply not relevant to whether [defendant's] plea is enforceable."); *see also United States v. Morgan,* 406 F.3d 135, 137 (2d Cir. 2005) ("The possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements."). Put differently, the fact that Petitioner did not anticipate the Supreme Court's ruling in *Davis* "does not impugn the truth or reliability of his plea," and Petitioner may not "disown his solemn admissions" due to "later pronouncements of the courts." *Brady*, 397 U.S. at 757; *McMann v. Richardson*, 397 U.S. 759, 774 (1970) (holding that a defendant who pleads guilty "does so under the law then existing" at the time and noting that "although he might have pleaded differently had later decided cases then been the law, he is bound by his plea and his conviction unless he can allege and prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act."). Accordingly, Petitioner's plea remains valid and enforceable because it was voluntary and intelligent.

## CONCLUSION

For the foregoing reasons, Mr. Bracey's petition is denied. The Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. *See Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 1564 in case number 15-CR-537 and close the corresponding civil case at case number 20-CV-9015. The Clerk of Court is directed to mail a copy of this opinion to Petitioner.

**SO ORDERED.**

**Date: May 21, 2021**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**