**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
Southern District of New York

United States of America,
  Plaintiff,

v.                                    Case No. S13 15 CR 00537-04

William Bracey,
  Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/24

MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 U.S.C. 3582(c)(2)

The Defendant, Mr. Bracey, pro se, hereby moves this Court for a reduction in sentence based on a guideline range that has subsequently been lowered and made retroactive by the Sentencing Commission pursuant to 28 U.S.C. 994(u), and USSG 1B1.10(d). In support, the following is offered:

JURISDICTION

This Court has jurisdiction under 18 U.S.C. 3582(c)(2). See, Freeman v. United States, 131 S.Ct. 2685 (2011) (reciting standards for modification of sentence).

PROCEDURAL HISTORY

Following his guilty plea, Mr. Bracey was sentenced by

this Court on July 19, 2017 (Sentencing Hearing, pages 153-212) to 396 months imprisonment based on an adjusted guideline range of 324-405 months (i.e. 5 criminal history points and downward departed offense level of 39 (Sentencing Hearing, p. 164).

Emerging scientific evidence regarding critical brain development governing social conditions and impulse control doesn't begin until the age of 20, and not fully developed until age 25, prompting courts across the country to examine juvenile offenses for criminal history points differently than people over the age of 25. See, e.g. D.C. Code 24-403.03 (Modification of an Imposed term of imprisonment for violations of law committed before 25 years of age). In 2023, the Sentencing Commission modified section 5K2, to Include "youthful age" as grounds for a downward departure from the Guidelines. It also eliminated the 2pts for an offender having committed the instant offense while under any other criminal justice sentence. See, Amendment 821, applied retroactively. As such criminal history points are no longer counted, Mr. Bracey's Criminal History Category falls from III to II, with a re-adjusted range of 292-365 months.

## ARGUMENT

Subsection 1B1.10(b)(1) of the United States Sentencing Guidelines Manual (Nov. 1, 2023) provides that "In determining

2

whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendments to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such a determination, the court shall substitute the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced.

As stated above, Mr. Bracey's Criminal History Points would be reduced from 5 to 3, after applying the amendments in subsection (d). That has the effect of lowering his Criminal History Category from III to II, with a readjusted guideline range of 292-365 months.

## Conclusion

WHEREFORE, Mr. Bracey prays this Court will reduce his sentence to 292 months. Given intervening developments in charging practices, judicial discretion in sentencing, and the role of youth in criminal punishment, Mr. Bracey's sentence is dramatically out of step with the sentence he would face were he sentenced today. Accordingly, USSG 1B1.10's policy statement advises a

3

reduction in sentence.

Respectfully submitted on this 21st day of August, 2024

x William Bracey
William Bracey #76906-054
USP Coleman 1
P.O. Box 1033
Coleman, FL 33521

---

Application DENIED. Mr. Bracey is ineligible for a sentence reduction under Amendment 821 of the Sentencing Guidelines. Mr. Bracey failed to meet the eligibility criteria for a sentence reduction under both the Status Points and Zero-Point Offender amendments.

The Clerk of Court is respectfully directed to terminate the open motion at Dkt. 1900 and to mail a copy of this endorsement to Mr. Bracey, # 76906-054, USP Coleman I, P.O. Box 1033, Coleman, FL 33521.

SO ORDERED.    10/9/24

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

United States of America )
v. )
  )  Case No: 15 CR 00534-04 (VEC)
  )  USM No: 76906-054
Date of Original Judgment: 7/19/2017 )
Date of Previous Amended Judgment: _____ )  Pro Se
*(Use Date of Last Amended Judgment if Any)*    *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: _____   _____
                              *Judge's signature*

Effective Date: _____   _____
*(if different from order date)*      *Printed name and title*

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: _____
CASE NUMBER: _____
DISTRICT: _____

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: _____     Amended Total Offense Level: _____
Criminal History Category: _____     Criminal History Category: _____
Previous Guideline Range: _____ to _____ months   Amended Guideline Range: _____ to _____ months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

William Bracey #76906-054
Federal Correctional Complex U.S.P 1
P.O Box 1033
Coleman, Fl 33521-1033



TAMPA FL 335
SAINT PETERSBURG FL
28 AUG 2024 PM 6 L

Clerk of The Courts
United States Courthouse
40 Foley Square
New York, N.Y 10007

Legal Mail

10007-150729

Legal Mail